RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

JONATHAN M. HAUCK
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Tel.:    (202) 616-3173
Fax:    (202) 307-0054
Email:   jonathan.m.hauck@usdoj.gov
         western.taxcivil@usdoj.gov

Of Counsel:
ADAM L. BRAVERMAN
United States Attorney
Southern District of California

*Counsel for Plaintiff, United States of America*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MELISSA LANG (f.k.a. MELISSA ANN VEGA),<br><br>Defendant. | Case No. **'18CV0481 BEN JLB**<br><br>**COMPLAINT FOR PERMANENT INJUNCTION AND OTHER RELIEF** |

The plaintiff, United States of America alleges against defendant, Melissa Lang, formerly known as Melissa Ann Vega, (hereafter "Ms. Lang"), the following:

1

1. This civil action is brought by the United States under 26 U.S.C. ("I.R.C.") §§ 7402, 7407 and 7408 seeking an injunction order permanently barring Ms. Lang, individually and doing business as or through any entity, and anyone in active concert or participation with her, from:

    i. Acting as a federal tax return preparer or requesting, assisting in or directing the preparation and/or filing of federal tax returns for any person or entity other than herself, or appearing as a representative on behalf of any person or organization whose tax liabilities are under examination or investigation by the Internal Revenue Service (IRS).

    ii. Owning, managing, controlling, working for, receiving fees or remuneration from, consulting with, or volunteering for "L&T Works" and "Lang Works, LLC" or any other business or entity engaged in tax return preparation;

    iii. Using, maintaining, renewing, obtaining, transferring, selling, or assigning any Preparer Tax Identification Number PTIN or an Electronic Filing Identification Number (EFIN);

    iv. Engaging in any activity subject to penalty under I.R.C. §§ 6694, 6695, 6700, or 6701;

    v. Engaging in activity subject to penalty under I.R.C. § 6701, including preparing or assisting in the preparation of a document related to a

    matter material to the internal revenue laws that includes a position that she knows would result in an understatement of another person's tax liability;

  vi. Engaging in any other conduct that is subject to penalty under the Internal Revenue Code or that interferes with the proper administration and enforcement of the internal revenue laws; and

  vii. Obtaining, using, or retaining any other person's Social Security number or other federal tax identification number of federal tax return information in any way for any purpose without that person's express written consent.

2. This action has been requested by the Chief Counsel of the Internal Revenue Service (IRS), a delegate of the Secretary of the Treasury, and commenced at the direction of a delegate of the Attorney General, pursuant to I.R.C. §§ 7402, 7407 and 7408.

### *Jurisdiction and Venue*

3. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1340 and 1345 and I.R.C. § 7402.

4. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1396 because Ms. Lang resided in San Diego prior to her incarceration, and because a

substantial part of the actions giving rise to this suit took place within this judicial district.

### *Factual Allegations*

5. Beginning in at least 2009 and continuing through April 15, 2015, Ms. Lang and others knowingly filed and caused to be filed materially false income tax returns with the Internal Revenue Service.

6. In addition to operating her business from her home, from at least January 2014 through May 2015, Ms. Lang operated tax preparation businesses called "L&T Works" and "Lang Works, LLC" from 6780 Miramar Road, Suite 204, San Diego, CA. Ms. Lang and her associates held themselves out to the public as tax return preparers. Ms. Lang initially charged $150 per tax return, but she began charging $200 per return in 2015.

7. During the course of her tax preparation activities, Ms. Lang filed, or caused to be filed though her associates and employees, approximately 4,194 false returns.

8. The false returns Ms. Lang caused to be filed claimed fraudulent refunds of more than $9,000,000, which includes approximately $7,020,020 in false education credits.

9. Ms. Lang instructed her associates and employees that almost all of her clients should receive an education credit. Ms. Lang stated that the clients

should receive the education credit even if the client informed Ms. Lang or her associates or employees that the client did not attend school for that taxable period at issue. Ms. Lang further instructed her associates to claim $4,000 in education expenses on a client's income tax return in an effort to maximize the client's education credit.

10. Ms. Lang's other fraudulent activities and schemes included:

- Failing to sign tax returns she prepared for compensation;
- Fabricating or inflating employee business expenses on Schedule A;
- Fabricating or inflating the mortgage interest deduction on Schedule A;
- Creating fictitious Schedule C's in order to reduce tax due or to qualify for the Earned Income Tax Credit;
- Creating fictitious W-2's from various companies such as Pizza Hut and Ashford University for her clients;
- Creating fictitious W-2's on her personal tax returns;
- Transferring dependents from the individual caring for the dependent to an unrelated participant's return;
- Engaging in identity theft by stealing the personal information (names, Social Security Numbers, dates of birth, etc.) of other taxpayers and using the stolen information to file false and fraudulent income tax returns; and

- Directing IRS refunds from these false and fraudulent returns to be electronically deposited into financial accounts directly or indirectly owned and/or controlled by Ms. Lang.

11. The IRS has determined that Ms. Lang was liable for, and has assessed, penalties under I.R.C. § 6694 in the amounts of $5,000 and $235,000 for 2012 and 2013, respectively.

12. Ms. Lang was charged in relation to the above referenced conduct in the United States District Court for the Southern District of California (*United States v. Melissa Ann Vega, aka Melissa Lang*, Case No 3:14-cr-03658-JM). On January 28, 2015, Ms. Lang was released on bond. Within days of her release on bond, she resumed her filing of false tax returns.

## Ms. Lang Pleaded Guilty to Filing False Tax Returns

13. On December 2, 2015, Ms. Lang pleaded guilty to one count of conspiracy to file false, fictitious, and fraudulent claims (18 U.S.C. § 286), one count of tax evasion (I.R.C. § 7201), and one count of aggravated identity theft (18 U.S.C. § 1028A). Ms. Lang was sentenced to a total of five years in prison.

14. Pursuant to her plea agreement, Ms. Lang agreed to be permanently enjoined from preparing or filing, or causing someone else to prepare or file federal tax returns for anyone other than herself. *United States v. Melissa*

*Ann Vega, aka Melissa Lang*, Case No 3:14-cr-03658-JM, ECF No. 97, page 3:5.

## Harm Caused by Ms. Lang's Fraud

15. Ms. Lang's fraudulent tax return preparation activities have caused (and continue to cause) significant harm to her customers, the U.S. Treasury, and the public at large.

16. Ms. Lang's customers have been harmed because they pay her to prepare proper tax returns. Instead, Ms. Lang prepares returns that have substantially understated her customers' correct tax liabilities. As a result, many customers may now face large income tax debts and may be liable for sizeable penalties and interest.

17. Ms. Lang's fraudulent practices likewise harm the U.S. Treasury in the form of lost tax revenue. The IRS estimates that Ms. Lang's conduct may have cost the United States more than $9,000,000, of which approximately $7,020,020 was attributable to falsely claimed education credits.

18. Ms. Lang's conduct also harms honest tax return preparers who refuse to engage in such unscrupulous conduct and who may unfairly lose business to Ms. Lang as a result of her willingness to break the law.

19. Finally, Ms. Lang's misconduct harms the public at large by undermining public confidence in the federal tax system and encouraging widespread violations of the internal revenue laws.

20. Without an injunction, Ms. Lang is likely to continue preparing false federal income tax returns causing harm to Ms. Lang's customers, the United States, and the public at large. An injunction will serve the public interest because it will put a stop to Ms. Lang's illegal conduct and the harm that such conduct causes her customers, the U.S. Treasury, and the public.

## Count I: Injunction under I.R.C. § 7407

21. The United States incorporates by reference the allegations in paragraphs 1 through 20.

22. I.R.C. § 7407 authorizes a district court to enjoin a tax return preparer from (1) engaging in conduct subject to penalty under I.R.C. § 6694; (2) engaging in any conduct subject to criminal penalty under the Code; or (3) engaging in any other fraudulent or deceptive conduct which substantially interferes with the proper administration of the Internal Revenue laws. I.R.C. § 7407(b)(1)(A)-(D).

23. If the Court finds that a preparer has continually and repeatedly engaged in any of the conduct described in paragraph 22, and that an injunction prohibiting such conduct would not be sufficient to prevent that person's

interference with the proper administration of internal revenue laws, the Court may enjoin that person from acting as a tax return preparer. I.R.C. § 7407.

24. I.R.C § 6694 imposes a penalty against a tax return preparer who prepares a federal tax return or claim of refund understating the taxpayer's liability due to an unreasonable position (one for which there is no substantial authority), and the preparer knew or should have known of the position. I.R.C. § 6694(a).

25. I.R.C. § 6694 also imposes a penalty against a tax return preparer who prepares a federal tax return understating the taxpayer's liability due to the preparer's own willful or reckless conduct. I.R.C. § 6694(b).

26. Ms. Lang has continually and repeatedly prepared federal income tax returns that understate her customers' tax liabilities based on unreasonable positions she knew or should have known were unreasonable.

27. Ms. Lang has continually and repeatedly engaged in willful or reckless conduct when preparing federal income tax returns that understate her customers' federal tax liabilities.

28. Ms. Lang has demonstrated her propensity to continue her filing of false returns, and that an injunction is necessary and appropriate, when she

persisted with her conduct while released on bond for charges related to her false filing of tax returns.

29. Ms. Lang has filed false tax returns for her customers.

30. In addition to the specific conduct that violates I.R.C. § 6694, and her criminal conduct, Ms. Lang, through the actions described above, has engaged in fraudulent and deceptive conduct that substantially interferes with the administration of internal revenue laws.

31. Pursuant to I.R.C. § 7407, the Court should permanently enjoin Melissa Lang from acting as a federal tax return preparer.

## Count II: Injunction under 26 I.R.C. § 7408

32. The United States incorporates by reference paragraphs 1 through 31 above.

33. I.R.C. § 7408 of the Code authorizes a district court to enjoin a tax return preparer from engaging in conduct that is subject to penalty under I.R.C. § 6701 if injunctive relief is appropriate to prevent recurrence of that conduct.

34. I.R.C. § 6701(a) of the Code imposes a penalty against any person who aids or assists in, procures, or advises with respect to the preparation of any portion of a federal income tax return, refund claim, or other document knowing (or having reason to believe) that it will be used in connection with any material matter arising under the internal revenue laws and knowing that

if it is so used it would result in an understatement of another person's tax liability.

35. Ms. Lang has prepared false federal tax returns on which she intentionally inflates and/or fabricates tax deductions and/or credits knowing (or having reason to know) that those returns will result in her customers' understating their federal tax liabilities.

36. If the Court does not enjoin Ms. Lang, she is likely to continue to engage in penalty conduct under I.R.C. § 6701. Injunctive relief is therefore appropriate under I.R.C. § 7408.

## Count III: Injunction under I.R.C. § 7402

37. The United States incorporates by reference paragraphs 1 through 36 above.

38. I.R.C. § 7402 authorizes district courts to issue injunctions "as may be necessary or appropriate for the enforcement of the internal revenue laws." The remedies available to the United States under this statute "are in addition to and not exclusive of any and all other penalties." I.R.C. § 7402(a).

39. Ms. Lang, through the actions described above, has engaged in conduct that substantially interferes with the administration and enforcement of the internal revenue laws, and she is likely to continue to engage in such conduct unless enjoined.

11

40. If Ms. Lang is not enjoined from preparing tax returns for others, the United States will suffer irreparable injury by erroneously providing tax refunds to persons not entitled to receive them and by taxpayers not reporting and paying the correct amount of taxes.

41. Unless Ms. Lang is enjoined from preparing federal tax returns for others, the IRS will have to devote substantial time and resources to identifying and locating her customers, and then examining those customers' tax returns. Pursuing all individual customers may be impossible given the IRS's limited resources.

42. Enjoining Ms. Lang from preparing federal tax returns is in the public interest because an injunction will stop her from causing further harm to the United States and its citizenry.

43. The Court should therefore order injunctive relief under I.R.C. § 7402(a).

WHEREFORE, the United States requests the following relief:

A. That the Court find that Melissa Lang has continually and repeatedly engaged in conduct subject to penalty under I.R.C. § 6694, and has continually and repeatedly engaged in other fraudulent or deceptive conduct that substantially interferes with the administration of the tax laws, and that a narrower injunction prohibiting only this specific misconduct would be insufficient;

  B. That the Court, pursuant to I.R.C. § 7407, enter a permanent injunction prohibiting Melissa Lang from acting as a federal tax return preparer;

  C. That the Court find that Melissa Lang has engaged in conduct subject to penalty under I.R.C. § 6701, and that injunctive relief under I.R.C. § 7408 is appropriate to prevent a recurrence of that conduct;

  D. That the Court find that Ms. Lang has engaged in conduct that interferes with the enforcement of the internal revenue laws, and that injunctive relief is appropriate to prevent the recurrence of that conduct pursuant to the Court's inherent equity powers and I.R.C. § 7402(a);

  E. That the Court, under I.R.C. §§ 7407, 7408, and 7402(a), enter an injunction order permanently barring Ms. Lang, and all those in active concert or participation with her, from:

    i. Acting as a federal tax return preparer or requesting, assisting in or directing the preparation and/or filing of federal tax returns for any person or entity other than herself, or appearing as a representative on behalf of any person or organization whose tax liabilities are under examination or investigation by the Internal Revenue Service (IRS).

    ii. Owning, managing, controlling, working for, receiving fees or remuneration from, consulting with, or volunteering for "L&T

13

Works" and "Lang Works, LLC" or any other business or entity engaged in tax return preparation;

iii. Using, maintaining, renewing, obtaining, transferring, selling, or assigning any Preparer Tax Identification Number PTIN or an Electronic Filing Identification Number (EFIN);

iv. Engaging in any activity subject to penalty under I.R.C. §§ 6694, 6695, 6700, or 6701;

v. Engaging in activity subject to penalty under I.R.C. § 6701, including preparing or assisting in the preparation of a document related to a matter material to the internal revenue laws that includes a position that she knows would result in an understatement of another person's tax liability;

vi. Engaging in any other conduct that is subject to penalty under the Internal Revenue Code or that interferes with the proper administration and enforcement of the internal revenue laws; and

vii. Obtaining, using, or retaining any other person's Social Security number or other federal tax identification number of federal tax return information in any way for any purpose without that person's express written consent.

F. That the Court, pursuant to I.R.C. §§ 7402(a), 7407, and 7408, enter an order requiring Ms. Lang to provide undersigned counsel for the United States a list of all of Ms. Lang's principals, officers, managers, employees, and independent contractors for Ms. Lang individually or through "L&T Works," "Lang Works, LLC," or through any other entity with which Ms. Lang was involved that engaged in any form of tax advising or preparation within thirty days of the Court's order;

G. That the Court retain jurisdiction over Ms. Lang and over this action to enforce any injunction entered against her;

H. That the United States be entitled to conduct discovery to monitor Ms. Lang's compliance with the terms of any injunction entered against her; and

//

//

//

//

//

I. Such other and further relief, including costs, as is just and reasonable.

Dated: March 6, 2018

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

JONATHAN M. HAUCK
Trial Attorney, Tax Division

By: */s/ Jonathan. M Hauck*
JONATHAN M. HAUCK
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-616-3173 (v)
202-307-0054 (f)
jonathan.m.hauck@usdoj.gov

Of Counsel:
ADAM L. BRAVERMAN
United States Attorney

*Counsel for the United States*

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

## DEFENDANTS
Melissa Lang (f.k.a. Melissa Ann Vega)

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Formerly San Diego
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jonathan Hauck (202) 616-3173
U.S. Department of Justice - Tax Division
P.O. Box 683, Washington, DC 20001

Attorneys *(If Known)*

'18CV0481 BEN JLB

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | [X] 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 U.S.C. §§ 7402, 7407 and 7408

Brief description of cause:
Tax return preparer injuction

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 0.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 03/06/2017

SIGNATURE OF ATTORNEY OF RECORD: /s/ Jonathan Hauck

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.